HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CFG PRIVATE EQUITY, LLC, et al.,<br><br>Plaintiff,<br><br>v.<br><br>ULTRASEAL INTERNATIONAL, INC.,<br><br>Defendant. | CASE NO. C12-5651 RBL<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |

THIS MATTER is before the Court on Plaintiff CFG's Motion for a Preliminary Injunction. [Dkt. #9]. The case involves a Sales and Marketing Agreement which gave CFG[1] the right to sell Defendant Ultraseal's products. At issue in this Motion is the Agreement's expiration date. GFC claims that the Agreement remains in force. Its Motion asks the Court to enjoin Ultraseal from terminating the Agreement. It also seeks to compel Ultraseal to pay disputed commissions into the Court registry, pending final resolution of this matter.

CFG entered into the Agreement with Ultraseal on February 1, 2011. The Agreement gave CFG an almost exclusive right to sell Ultraseal products around the globe, on a commission

---

[1] For convenience, Plaintiffs CFG and Ultraseal Distributors are referenced together as CFG in this Order.

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION - 1

basis. The contractual provision primarily at issue here relates to the term of the agreement. It provides that the term is one year, automatically renewed for two five year terms, *if* CFG has increased Ultraseal sales 100% over a baseline amount at the end of the first year:

> 10. Term of Agreement: The term of this Agreement shall be for one (1) year and automatically renewed for two successive five year terms if at the time of expiration of the initial one-year term Global Sales and Marketing Team has increased Ultraseal's net volume of sales one-hundred percent (100%) above the baseline.

[*See* Smith Affidavit, Dkt. # 10, at Ex. A]

CFG contends that Ultraseal did not cancel the Agreement on the one year anniversary, February 1, 2012, and that CFG continued to sell Ultraseal products for several months after that date—sales for which it claims it is owed commissions[2]. CFG does not affirmatively allege that the 100% increase threshold was met; instead, it argues that under the provision above, the Agreement "automatically renewed unless it was cancelled." [Motion, Dkt. #9 at 2]

For its part, Ultraseal claims that the 100% threshold was not met (and that it was not even close). It argues that it was not required to affirmatively terminate or cancel the Agreement; it terminated by its terms, unless the threshold was met. It does not necessarily dispute that CFG continued to make sales after February 1, 2012, but it does argue that a claim for commissions on those sales is a claim for money damages, and that such a claim does not warrant a preliminary injunction.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415

---

[2] CFG also contends and appears to show that Defendant Clancy, who was formerly associated with CFG, engaged in nefarious dealings with Ultraseal and cost it additional commissions. Clancy's activities are not directly at issue in this Motion.

U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

CFG cannot establish its right to an injunction against this standard on the record before the Court. Its interpretation of the contract term is not fair or reasonable. The Agreement does not say that it automatically renews unless cancelled; it says it automatically renews if [a condition precedent occurs].  CFG has not established the condition precedent occurred; indeed, it affirmatively claims that it does not know whether it did.

Furthermore, the request for vaguely defined commissions to be paid into the Court is not supported.  CFG has not shown that it is subject to irreparable harm in the absence of an Order compelling Ultraseal to pay commissions into the Court registry.   That relief is akin to a prejudgment writ of attachment, which is not before the Court.  At this stage, on this record, CFG has not shown that it cannot be made whole through a money judgment.

The Plaintiff's Motion for a Preliminary Injunction [Dkt. #9] is DENIED.

IT IS SO ORDERED.

Dated this 6th day of September, 2012.

Ronald B. Leighton
United States District Judge