HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CFG PRIVATE EQUITY, LLC, et al.,<br><br>              Plaintiff,<br><br>    v.<br><br>ULTRASEAL INTERNATIONAL, INC. and KEITH W. CLANCY,<br><br>              Defendants. | CASE NO. C12-5651 RBL<br><br>ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[Dkt. #s 25 and 30] |

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [Dkt. # 25]. The case involves a Sales and Marketing Agreement which gave CFG the right to sell Defendant Ultraseal's products. Defendant Clancy was formerly a member of CFG and was that firm's contact with Ultraseal.

This Court previously denied Plaintiff's Motion for a Preliminary Injunction because there were unresolved factual issues about the agreement, its terms, and its termination. Plaintiff has also asserted extra-contractual claims for commissions earned after the Agreement's term, and various other relief including a permanent injunction and a declaratory judgment.

Defendants now ask the Court to dismiss all of the Plaintiffs' claims as a matter of law, arguing that there is no evidence supporting the claim that the contractual agreement survived its termination date. They also claim that the Plaintiffs still cannot meet the requirements for injunctive relief, and that their fraud claim fails because their reliance was not reasonable.

Plaintiffs seek a continuance of the Motion and have filed their own Motion to Compel [Dkt. # 30] discovery in an effort to obtain the evidence that would assist them in responding to the Motion. The gist of their substantive response is that both parties continued to perform under the Agreement at issue after it allegedly terminated by its own terms, that Plaintiffs earned commissions and they should be paid. They also assert claims against Clancy, for acting to benefit Defendant while he owed a duty to Plaintiffs. Plaintiffs claim that Clancy's betrayal may have contributed to their alleged failure to meet sales goals. Neither party has demonstrated that these issues can be resolved in summary fashion.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. At 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential

1 to the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the
2 moving party has met this burden, the nonmoving party then must show that there is a genuine
3 issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence
4 of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law."
5 *Celotex*, 477 U.S. at 323-24.

6 Defendants' Motion recites arguments that may well prevail at trial. But they are *only*
7 arguments and assertions. For example, viewing the evidence in the light most favorable to the
8 Plaintiffs, it cannot be said that their claimed compensation for sales made after the Agreement's
9 termination date fails as a matter of law. Nor can the Court simply decide that the Plaintiffs'
10 reliance was unreasonable just because Defendants claim that it was. Defendants argue that the
11 Plaintiffs' conversion claim "was settled" and that "the funds in question should be considered
12 the consideration for Clancy's interest in [Plaintiff entity]." But this argument contains no legal
13 argument or citation whatsoever. There is no authority for the Court to so determine as a matter
14 of law, especially on this thin and undeveloped record.

15 In short, the claims and the defenses are replete with questions of fact. The Defendants'
16 Motion for Summary Judgment is DENIED without prejudice. The parties may re-visit the
17 issues on a complete record (and with appropriate legal authority and analysis) at the other end of
18 the discovery period.

19 Plaintiffs' Motion to delay the Motion is DENIED as Moot. Plaintiffs' Motion to

21 >>
22 >

1 | Compel is DENIED without prejudice, based on Defendants' representations that the requested
2 | documents have been (or soon will be) produced.

3 |     IT IS SO ORDERED.

4 |     Dated this 20th day of March, 2013.

                                  */s/ Ronald B. Leighton*
                                  RONALD B. LEIGHTON
                                  UNITED STATES DISTRICT JUDGE