HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CFG PRIVATE EQUITY, LLC, ULTRASEAL DISTRIBUTORS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ULTRASEAL INTERNATIONAL, INC., KEITH W. CLANCY,<br><br>Defendant. | CASE NO. C12-5651 RBL<br><br>ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT. 53] |

This matter involves a contract dispute between CFG[1] and Ultraseal. In February of 2011, the parties entered into an agreement that gave CFG the right to sell Ultraseal's products. The initial term of the agreement was one year. According to the terms of the contract, if CFG increased Ultraseal's net volume of sales 100 percent above "the baseline" during that first year, the contract would automatically renew for two successive five-year terms. CFG filed this lawsuit after its relationship with Ultraseal ended in 2012. Currently before the Court is UltraSeal's motion for partial summary judgment that asks the Court to establish as a matter of law that the contract did not automatically renew after the initial one-year term. Because

---

[1] Ultraseal Distributors, LLC is also a plaintiff in this case, but to avoid confusion, this Order will collectively refer to Plaintiffs as "CFG."

ORDER - 1

material questions of fact remain in dispute, including the meaning of the term "baseline," how to calculate the baseline figure, and ultimately whether CFG increased Ultraseal's sales 100% above that amount, Ultraseal's motion is **DENIED**.

## I.   BACKGROUND

The parties entered into the agreement on February 1, 2011. The agreement gave CFG an almost exclusive right to sell Ultraseal's products throughout the world on a commission basis. The section of the contract that established the term of the agreement provides:

> 10. Term of Agreement: The term of this Agreement shall be for one (1) year and automatically renewed for two successive five year terms if at the time of expiration of the initial one-year term Global Sales and Marketing Team has increased Ultraseal's net volume of sales one-hundred percent (100%) above the baseline.

According to CFG, it sold Ultraseal's products under the terms of the agreement until it received a letter from Elizabeth Aguirre, Ultraseal's President and owner, in May of 2012. In her letter, Aguirre claimed that the agreement did not automatically renew and that CFG and Ultraseal's business relationship had expired on February 1st. Her letter instructed CFG to stop selling Ultraseal's products and using its name. CFG subsequently filed this lawsuit.

This Court has previously denied CFG's motion for a preliminary injunction and has denied Ultraseal's motion for summary judgment on all of CFG's claims. Ultraseal now asks the Court to establish as a matter of law that the contract did not automatically renew according to the terms of the agreement. Ultraseal argues that the parties agreed when they entered into the contract that "baseline" refers to its previous year's sales. Ultraseal also contends that it has submitted uncontroverted evidence that establishes its previous year's sales and CFG's sales figures during the term of the agreement. According to Ultraseal, that evidence shows that CFG did not increase its sales 100% above the baseline. CFG has argued that the parties agreed that "baseline" refers to some arbitrary number that they were supposed to establish after CFG had

sold Ultraseal's profits for a couple of months. CFG also argues that even if the parties intended "baseline" to mean the previous year's sales, Ultraseal improperly calculated the baseline figure and CFG's sales.

## II.    DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir.1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy,* 68 F.3d at 1220.

Contracts are to be interpreted to give effect to the parties' intentions. *Berg v. Hudesman*, 115 Wash.2d 657, 663, 801 P.2d 222, 226 (Wash. 1990). Contract interpretation is a question of law if it is unnecessary to rely on extrinsic evidence or if only one reasonable inference can be drawn from the extrinsic evidence. *Tanner Elec. Corp. v. Puget Sound Power & Light Co.*, 128 Wash.2d 656, 674, 911 P.2d 1301, 1310 (Wash. 1996). When the parties' intentions must be determined from extrinsic evidence, however, it is the trier of fact's role to evaluate the

credibility of the evidence and to choose among varying reasonable inferences that can be drawn from the evidence. *Berg*, 115 Wash.2d at 668, 801 P.2d at 229 (citing *Restatement (Second) of Contracts* §§ 212, 214(c) (1981)).

There is no question that the term "baseline" as used in the contract is ambiguous and requires interpretation. The contract does not define "baseline." The context in which the term is used establishes that the "baseline" is some amount of sales, but what that amount is or how it is supposed to be calculated is unclear from the contract. The parties have submitted conflicting declarations regarding what they believed "baseline" to mean when they entered into the contract and how the baseline figure would be calculated. Because both parties' interpretations are reasonable, and because it is solely within the province of a trier of fact to evaluate the credibility of the evidence, Ultraseal's motion for partial summary judgment must be **DENIED**.

### III.   CONCLUSION

As the Court noted in a prior order, the claims and defenses in this case are replete with questions of fact. Among the questions of fact that remains for trial is what the parties intended "baseline" to mean and how to calculate the baseline figure. Ultraseal's motion for partial summary judgment is **DENIED**.

Dated this 30th day of October, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE